IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3095-D

| | | |
|---|---|---|
| LAMONT DELMAR PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SHERIFF JAMES KNIGHT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On June 11, 2010, Lamont Delmar Parker ("Parker" or "plaintiff"), a former pretrial detainee[1] proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 [D.E. 1]. On May 6, 2011, the court reviewed the complaint pursuant to 28 U.S.C. § 1915A and dismissed Parker's claims as frivolous [D.E. 9]. On June 7, 2011, Parker filed a document entitled "Truth Affidavit" [D.E. 11], along with several exhibits, which the court construes as a motion for reconsideration.[2] The document did not have an original signature, and on June 27, 2011, Parker refiled the document with an original signature in response to a court order [D.E. 13]. On September 21, 2011, Parker filed a motion for default judgment [D.E. 14].

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the

---

[1] Parker is now a federal prisoner incarcerated at FCI-Victorville. See [D.E. 9] 1.

[2] Although the Clerk captioned the document as both a motion to amend and a motion for reconsideration, Parker may not seek to amend a dismissed complaint. Anderson v. United States, 159 F. App'x 936, 937 (11th Cir. 2005) (per curiam) (unpublished) ("Although the motion at issue recites that it was being brought under Fed. R. Civ. P. 15(c), we treat the motion as a post-judgment motion (which it is) under Fed. R. Civ. P. 60(b) because it sought relief from a final judgment of dismissal."); see Rasberry v. Garcia, 448 F.3d 1150, 1154–55 (9th Cir. 2006).

sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotation omitted); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005) (quotation omitted); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Parker has not presented any argument warranting reconsideration, and has not cited any recent change in the controlling law, any newly discovered evidence, or any clear error that merits an alteration or amendment to the judgment.

Alternatively, to the extent that Parker seeks relief under Federal Rule of Civil Procedure 60(b), his motion also fails. Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . [or] fraud . . . , misrepresentation, or misconduct by an opposing party . . . ." Fed. R. Civ. P. 60(b)(1), (3). Under Rule 60(b), a movant first must demonstrate that the motion is timely, that the movant has a meritorious claim or defense, and that the opposing party will not suffer unfair prejudice by having the judgment set aside. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If those three threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266.

Parker has failed to establish a meritorious claim or defense. Indeed, the allegations

2

contained in Parker's "truth affidavit" are, if possible, even more difficult to decipher than were the allegations in Parker's original complaint. Thus, Parker continues to fail to meet the requirements of notice pleading, see Fed. R. Civ. P. 8; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002), and fails to meet Rule 60(b)'s threshold requirements.

In sum, the court DENIES plaintiff's motion for reconsideration [D.E. 11] and DISMISSES as moot plaintiff's motion for default judgment [D.E. 14].

SO ORDERED. This 12 day of December 2011.

JAMES C. DEVER III
Chief United States District Judge